# In The
# United States Court of Appeals
## For The Federal Circuit

# IN RE KEVIN P. EATON

**APPEAL FROM THE UNITED STATES PATENT AND TRADEMARK OFFICE, PATENT TRIAL AND APPEAL BOARD.**

_____

## BRIEF OF APPELLANT

_____

**Casey L. Griffith**
**KLEMCHUK KUBASTA LLP**
**Campbell Centre II**
**8150 North Central Expressway, 10th Floor**
**Dallas, Texas 75206**
**(214) 367-6000**

*Counsel for Appellant*                    *Dated: February 19, 2013*

**THE LEX GROUP**DC ♦ 1825 K Street, N.W. ♦ Suite 103 ♦ Washington, D.C. 20006
(202) 955-0001 ♦ (800) 856-4419 ♦ Fax: (202) 955-0022 ♦ www.thelexgroup.com

# CERTIFICATE OF INTEREST

Pursuant to Federal Circuit Rule 47.4, counsel of record for Appellant Kevin P. Eaton certifies as follows:

1.     The full name of every party represented by us is:

     Kevin P. Eaton

2.     The names of the real parties in interest represented by us are:

     Kevin P. Eaton and Daniel J. Devlin

3.     All parent corporations and any publicly held companies that own 10 percent or more of the stock of the parties represented by us are:

     None

4.     The names of all law firms and the partners or associates that appeared for the parties represented by us in the trial court, or are expected to appear in this Court, are:

Klemchuk Kubasta LLP
Casey L. Griffith

Dated: February 19, 2013          Respectfully submitted,

/s/ Casey L. Griffith
Casey L. Griffith
Klemchuk Kubasta LLP
8150 North Central Expressway, 10th Floor
Dallas, Texas  75206
(214) 367-6000 (Telephone)
(214) 367-6001 (Facsimile)
casey.griffith@kk-llp.com
*Attorney for Appellant, Kevin P. Eaton*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................. iii

STATEMENT OF RELATED CASES .................................................................1

JURISDICTIONAL STATEMENT .....................................................................1

STATEMENT OF THE ISSUE PRESENTED .....................................................1

STATEMENT OF THE CASE ..............................................................................1

STATEMENT OF THE FACTS ............................................................................2

SUMMARY OF ARGUMENT .............................................................................3

ARGUMENT .........................................................................................................4

     I.    THE BOARD ERRED IN CONCLUDING THAT CLAIM 1 IS ANTICIPATED BY JUNGKEIT. .......................................................4

     II.   THE BOARD ERRED IN CONCLUDING THAT CLAIMS 1 AND 8-10 ARE OBVIOUS OVER JUNGKEIT IN VIEW OF MANTYNEN .......................................................................................8

CONCLUSION .....................................................................................................10

ADDENDUM

CERTIFICATE OF FILING AND SERVICE

CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Connell v. Sears, Roebuck & Co.*,
   722 F.2d 1542 (Fed. Cir. 1983) .......................................................4

*In re Baker Hughes Inc.*,
   215 F.3d 1297 (Fed. Cir. 2000) ......................................................4

*In re Grabiak*,
   769 F.2d 729 (Fed. Cir. 1985)..........................................................9

*In re Oetiker*,
   977 F.2d 1443 (Fed. Cir. 1992).......................................................9

*Net MoneyIN, Inc. v. Verisign, Inc.*,
   545 F.3d 1359 (Fed. Cir. 2008) ......................................................4

*Xerox Corp. v. 3Com Corp.*,
   458 F.3d 1310 (Fed. Cir. 2006) ......................................................4

**STATUTES**

35 U.S.C. § 102(b) ..........................................................................4

35 U.S.C. § 103(a) .......................................................................8, 9

35 U.S.C. § 141 ...............................................................................1

## STATEMENT OF RELATED CASES

No other appeal involving this civil action was previously before this or any other appellate court. There are no pending cases known to counsel that would directly affect or be directly affected by this Court's decision in the pending appeal.

## JURISDICTIONAL STATEMENT

This Appeal is from the June 20, 2012 Decision on Appeal of the U.S. Patent and Trademark Office Board of Patent Appeals and Interferences (the "Board") affirming the rejection of claims in U.S. Patent Application No. 11/145,716 (hereinafter "Application '716") directed to a method for treating psoriasis, and the August 27, 2012 Decision on Request for Rehearing of the Board affirming the aforementioned Decision on Appeal. Applicant filed a timely notice of appeal on October 26, 2012. This Court therefore has jurisdiction over the Decision on Appeal and Decision on Request for Rehearing pursuant to 35 U.S.C. § 141.

## STATEMENT OF THE ISSUE PRESENTED

Whether prior art references affirmatively instructing that antioxidants such as vitamin C be added to a vitamin supplement composition may be deemed references describing a vitamin supplement composition that is essentially free of antioxidants.

## STATEMENT OF THE CASE

On June 6, 2005, Appellant Kevin P. Eaton (hereinafter "Applicant") filed Application '716, entitled "Treatment of Dermatological Conditions." A Final

Office Action was issued on May 21, 2010. On October 21, 2010, Applicant filed a Notice of Appeal and then filed its Appeal Brief on March 21, 2011. On June 8, 2011, the Examiner filed an Answer to the Appeal Brief and on June 20, 2012, the Board issued a Decision on Appeal affirming the Examiner's objections. Thereafter, on August 20, 2012 Applicant filed a Request for Rehearing. On August 27, 2012, the Board issued a Decision on Request for Rehearing affirming the rejection of Applicant's patent claims 1, 8-11, and 14. Applicant filed a timely notice of appeal on October 26, 2012, and is appealing the Board's rejection of claims 1 and 8-10.

## STATEMENT OF FACTS

1.　　Claims 1 and 8-10 all include an "essentially free of anti-oxidants" limitation. (Appendix 55).

2.　　Applicant's specification states regarding essentially free of anti-oxidants:

> In the case of a vitamin supplement compound that is essentially free of antioxidants, among the antioxidants especially to be avoided is added vitamin C, and no antioxidants of any kind should be added to any of the compounds disclosed herein . . .

(Appendix 288, ll. 1-4).

3.　　German Patent Registration No. DE10053155 A1 to Jungkeit discloses a vitamin supplement composition containing 200 mg of anti-oxidant vitamin C, and

2

the remaining ingredients of that vitamin supplement composition amount to 193.3 mg. (Appendix 159).

4.      U.S. Patent No. 6,107,349 to Mantynen discloses vitamin supplement compositions containing 400-1600 IU of antioxidant vitamin E. (Appendix 325, Col. 5, l. 30 and Col. 6, l. 4 and l. 31; Appendix 326, ll. 40-48).

## SUMMARY OF ARGUMENT

Application '716 is directed to treatment of dermatological conditions using the claimed vitamin supplement compositions. The claims at issue, claims 1 and 8-10, are set forth in the Appendix at page 55. Each of the claims rejected by the Board includes a limitation that the vitamin supplement composition be "essentially free of anti-oxidants." Regarding this limitation, Applicant's specification states:

> In the case of a vitamin supplement compound that is essentially free of antioxidants, among the antioxidants especially to be avoided is added vitamin C, and no antioxidants of any kind should be added to any of the compounds disclosed herein . . .

(Appendix 288, ll. 1-4). Despite the Applicant's clearly expressed intention to exclude any added anti-oxidants, the Board's rejections are all dependent on prior art that expressly and affirmatively describes adding anti-oxidant vitamin C. For this reason, the Board's rejections should be overruled.

# ARGUMENT

## I. THE BOARD ERRED IN CONCLUDING THAT CLAIM 1 IS ANTICIPATED BY JUNGKEIT.

"[I]n order to demonstrate anticipation, the proponent *must* show 'that the four corners of a single, prior art document describe *every* element of the claimed invention,'" and that the prior art document "*must* also disclose those elements 'arranged as in the claim.'" *Net MoneyIN, Inc. v. Verisign, Inc.*, 545 F.3d 1359, 1369 (Fed. Cir. 2008) (emphasis added) (*quoting Xerox Corp. v. 3Com Corp.*, 458 F.3d 1310, 1322 (Fed. Cir. 2006), and *Connell v. Sears, Roebuck & Co.*, 722 F.2d 1542, 1548 (Fed. Cir. 1983)). The claims are to be given the broadest reasonable interpretation consistent with the written description, but claim construction by the Patent and Trademark Office is a question of law that this Court reviews *de novo*. *In re Baker Hughes Inc.*, 215 F.3d 1297, 1301 (Fed. Cir. 2000).

The Board affirmed the Examiner's rejection of claim 1 under 35 U.S.C. § 102(b) as anticipated by German Patent Registration No. DE10053155 A1 to Jungkeit ("Jungkeit"*)*. Claim 1 reads:

> A method of treating psoriasis by administering to a person a vitamin supplement composition comprising at least about 25 micrograms to about 2,200 micrograms of folic acid, at least about 25 micrograms to about 2,500 micrograms of vitamin $B_{12}$, and at least about 0.5 milligrams to about 20 milligrams vitamin $B_6$, wherein said composition is essentially free of anti-oxidants.

(Appendix 55).  The propriety of this rejection turns on the meaning of the claim

limitation "essentially free of antioxidants."  If Jungkeit does not describe a vitamin

composition that is essentially free of anti-oxidants, then it cannot anticipate claim 1.

In fact, Jungkeit does not describe a vitamin composition that is essentially free of

anti-oxidants, and the Board's rejection should be overruled.

The meaning of the essentially free of anti-oxidants limitation cannot be

ascertained merely by reviewing the claims themselves.  Rather, one must turn to the

intention of the inventor as set forth in the specification.  The specification states:

> In the case of a vitamin supplement compound that is essentially free of
> antioxidants, among the antioxidants especially to be avoided is added
> vitamin C, and no antioxidants of any kind should be added to any of
> the compounds disclosed herein . . .

(Appendix 288, ll. 1-4).  The specification also teaches that anti-oxidants may be

present during preparation of the claimed vitamin composition "provided that they

are removed afterward, either completely or at least to a level where they have

virtually no effect on the vitamin components of the present invention."  (*Id.*, ll. 5-

7).  Finally, the specification states that by "'essentially free' it is meant that the

vitamin composition should not contain an amount of anti-oxidants which would

tend to damage and inactivate some of the vitamin $B_{12}$ and/or folic acid of the

vitamin supplement."  (Appendix 286, ll. 6-8).  In sum, for a composition to be

essentially free of anti-oxidants, it must:

- especially avoid added vitamin C;

- not have anti-oxidants of any kind added;

- have any anti-oxidants that are present during preparation removed at least to a level where they have virtually no effect on the vitamin components; and

- not contain an amount of anti-oxidants which would tend to damage and inactivate some of the vitamin $B_{12}$ and/or folic acid.

Jungkeit does not satisfy these limitations because its single largest ingredient is the antioxidant vitamin C.

To begin with, it is notable that the Examiner's rejection of claim 1 as anticipated by Jungkeit, which was adopted by the Board, is premised on a highly significant and erroneous misrepresentation of Jungkeit. The Examiner surmises that the vitamin composition disclosed in Jungkeit is essentially free of anti-oxidants despite the fact that it discloses a composition having precisely 200 µg of the anti-oxidant vitamin C. (Appendix 65). Indeed, the Examiner repeatedly noted in his written rejection of claim 1 that the composition disclosed in Jungkeit comprises 200 µg vitamin C. *Id.* Yet, Jungkeit actually discloses the presence of vitamin C at precisely 200 mg, ***which is 1,000 times greater*** than the amount upon which the "essentially free of anti-oxidants" rejection is based. (Appendix 159). The anti-oxidant vitamin C is not only the largest ingredient by mass of the composition disclosed in Jungkeit, there is in fact more vitamin C in Jungkeit than all other

6

ingredients combined (200 mg vitamin C compared with 193.3 mg of all other ingredients). Jungkeit teaches adding vitamin C to the composition in a specified amount greater than all other ingredients combined. In other words, the Examiner believed that the vitamin composition disclosed in Jungkeit contained 0.1% vitamin C when it in fact contains 51% vitamin C. It is clearly unreasonable to characterize Jungkeit as being essentially free of anti-oxidants when that limitation is construed in view of Applicant's specification.

The Examiner and the Board focused on speculation that Applicant's invention would work as effectively with 200 µg of vitamin C, but, respectfully, that is totally beside the point. Whether the claimed vitamin composition works as effectively could be a consideration when there is antioxidant contained therein as a result of it being present during preparation of the vitamin composition, but there is no "works as effectively" exception to the specification's clear mandate that no anti-oxidant should be added, which is distinct from being present during preparation. Jungkeit affirmatively discloses adding a specified (and large) amount of anti-oxidant vitamin C to the composition. Thus, Jungkeit is wholly inconsistent with Applicant's independent teachings that the vitamin supplement composition should not have any added anti-oxidant and vitamin C is particularly to be avoided. In other words, it is irrelevant to an anticipation rejection whether a vitamin supplement composition containing added vitamin C would be effective in treating

psoriasis because Applicant has excluded such a composition from the scope of claim 1.

The Board's rejection of claim 1 is based on an unreasonable construction of essentially free of anti-oxidants that is not consistent with the specification. Thus, claim 1 is simply not anticipated by Junkgkeit.

## II.    THE BOARD ERRED IN CONCLUDING THAT CLAIMS 1 AND 8-10 ARE OBVIOUS OVER JUNGKEIT IN VIEW OF MANTYNEN.

Claim 1 and its dependent claims 8-10 were rejected under 35 U.S.C. § 103(a) as being unpatentable over Jungkeit in view of U.S. Patent No. 6,107,349 to Mantynen ("Mantynen"). Jungkeit and Mantynen, either alone or in combination, fail to disclose, teach or suggest each and every element of claim 1. In particular, as shown above, Jungkeit fails to disclose a vitamin supplement composition that is essentially free of anti-oxidants. Because claims 8-10 depend from independent claim 1, they also include the essentially free of antioxidants limitation that was thoroughly discussed in connection with Jungkeit in the previous section.

The Examiner introduces the Mantynen reference by citing to examples 1-3, and claims 5 and 6 in Mantynen as support for teaching treating psoriasis with a composition comprising folic acid, vitamin $B_{12}$ and vitamin $B_6$. (Appendix 66-67). However, Mantynen fails to rectify the deficiencies of Jungkeit, as each of those examples and claims also teaches including specified amounts of anti-oxidant vitamin E. (Appendix 325, Col. 5, l. 30 and Col. 6, l. 4 and l. 31; Appendix 326, ll.

31-48).  As explained in connection with the Jungkeit reference above, Mantynen therefore does not describe a vitamin supplement composition that is essentially free of anti-oxidants.  Thus, neither of the references on which the Board's obviousness rejection is based actually teach the use of vitamin supplement compositions that are essentially free of anti-oxidants.

The initial burden of establishing a *prima facie* basis to deny patentability to a claimed invention is always upon the Patent Office.  *In re Oetiker*, 977 F.2d 1443, 1445 (Fed. Cir. 1992).  Jungkeit and Mantynen cannot be combined to support a rejection under § 103(a) because a vitamin supplement composition that is essentially free of anti-oxidants is a limitation in claims 1 and 8-10 and Jungkeit and Mantynen both actually <u>only</u> teach compositions that have added anti-oxidants.  In essence, the Board's obviousness rejection is:  The patent claims do "A" but don't do "B."  The two prior art references only teach do "A" and do "B;" therefore, it would have been obvious to do "A" while not doing "B."  It is apparent that such an obviousness rejection does not satisfy the burden to make out a prima facie case of obviousness, and if the Patent Office does not produce a *prima facie* case of unpatentability, then without more Applicant is entitled to grant of a patent.  *Id.*; *In re Grabiak*, 769 F.2d 729, 733 (Fed. Cir. 1985).  Accordingly, the rejection of claims 1 and 8-10 should be overruled.

## CONCLUSION

For the foregoing reasons, the Board's order affirming the rejection of Applicant's claims 1 and 8-10 should be overruled, and the Patent Office should be ordered to allow those claims forthwith.

Dated: February 19, 2013        Respectfully submitted,

/s/ Casey L. Griffith
Casey L. Griffith
Klemchuk Kubasta LLP
8150 North Central Expressway, 10th Floor
Dallas, Texas  75206
(214) 367-6000 (Telephone)
(214) 367-6001 (Facsimile)
casey.griffith@kk-llp.com

*Attorney for Appellant*
*Kevin P. Eaton*

# ADDENDUM

# ADDENDUM TABLE OF CONTENTS

**Addendum Page**

Decision on Request for Rehearing
Appeal 2011-013161
Application 11-145,716 ...................................................................Add. 1

Decision on Appeal
Appeal 2011-013161
Application 11-145,716 ...................................................................Add. 5

UNITED STATES PATENT AND TRADEMARK OFFICE
_____

BEFORE THE BOARD OF PATENT APPEALS
AND INTERFERENCES
_____

*Ex parte* KEVIN P. EATON
_____

Appeal 2011-013161
Application 11/145,716
Technology Center 1600
_____

Before DEMETRA J. MILLS, LORA M. GREEN, and STEPHEN WALSH,
*Administrative Patent Judges.*

WALSH, *Administrative Patent Judge.*


DECISION ON REQUEST FOR REHEARING

Appellant requests rehearing of the Decision on Appeal entered June
20, 2012, which affirmed the rejections of all the pending claims on grounds
of anticipation and obviousness.

## BACKGROUND

Appellant claims a method of treating psoriasis by administering a vitamin supplement composition "essentially free of anti-oxidants."

The Patent Examiner determined claim 1 anticipated by Jungkeit,[1] claim 11 anticipated by Meredith,[2] claims 1 and 8-10 obvious over Jungkeit and Mantynen,[3] and claims 11 and 14 obvious over Bereston,[4] Plewig,[5] and Mantynen. (Decision 2.) This Board affirmed all the rejections. (*Id.* at 4.)

Appellant requests rehearing of the anticipation rejection of claim 1 over Jungkeit. (Req. Reh'g 4.)

## DISCUSSION

According to Appellant, the claim phrase "essentially free of anti-oxidants" must be interpreted as prohibiting vitamin C from the composition used in the claimed method. (*Id.*) The Examiner had found that Jungkeit treated psoriasis with a composition comprising $B_6$, $B_{12}$, and folic acid in the requisite amounts. Notwithstanding the fact that Jungkeit's composition also comprised 200μg of vitamin C, we affirmed that Jungkeit anticipated claim 1.

The Decision concluded: "the Examiner correctly interpreted the claim terminology 'essentially free of anti-oxidants' according to the

---

[1] Jungkeit, DE 10053155 A1, May 8, 2002.
[2] Meredith, US 7,115,286 B2, issued Oct. 3, 2006.
[3] Mantynen, US 6,107,349, issued Aug. 22, 2000.
[4] Bereston, *Vitamins in Dermatology*, 2 J. CLIN. NUTRI. 133-139 (1954).
[5] Gerd Plewig and Thomas Jansen, Seborrheic Dermatitis 1-17, ch. 126, DERMATOLOGY IN GENERAL MEDICINE, 5th ed. (The McGraw-Hill Companies 1999).

2

Specification's definition (Ans. 5 and 10-12), and we adopt the Examiner's reasoning." (Decision 3.)

The Specification states:

> By "essentially free" it is meant that the vitamin composition should not contain an amount of antioxidants which would tend to damage and inactivate some of the vitamin $B_{12}$ and/or folic acid of the vitamin supplement. The presence of lower amounts of antioxidants would not render the vitamin composition of the present invention ineffective or of reduced effectiveness.

(Spec. 4, ll. 6-10.) The Examiner explained that the 200µg of vitamin C in Jungkeit's $B_6$, $B_{12}$, and folic acid composition did not damage or inactivate the $B_{12}$ or folic acid. (Ans. 5.) Because the Specification defined "essentially free" to allow antioxidants as long as they do not damage or inactivate the $B_{12}$ or folic acid, we agreed with the Examiner that claim 1 was reasonably interpreted to allow for 200µg of vitamin C.

The Specification addresses vitamin C as follows:

> In the case of a vitamin supplement compound that is essentially free of antioxidants, among the antioxidants especially to be avoided is added vitamin C, and no antioxidants of any kind should be added to any of the compounds disclosed herein (although such antioxidants may be present during the preparation of such vitamins provided that they are removed afterward, either completely or at least to a level where they have virtually no effect on the vitamin components of the present invention).

(Spec. 6, ll. 1-7.) Like the definition at Spec. 4, quoted above, the guidance at Spec. 6 directs that if vitamin C or other antioxidants are present during preparation of the treatment composition, they should be reduced "at least to a level where they have virtually no effect on the vitamin components of the

3

present invention." Given this instruction, and the evidence that Jungkeit's composition containing 200μg of vitamin C was effective to treat psoriasis, we continue to agree with the Examiner that claim 1, interpreted in light of the Specification, includes the composition Jungkeit described.

## SUMMARY

We have reconsidered the anticipation rejection over Jungkeit as requested, but deny the requested relief.

No time period for taking any subsequent action in connection with this appeal may be extended under 37 C.F.R. § 1.136(a).

## DENIED

cdc

4

UNITED STATES PATENT AND TRADEMARK OFFICE

_____

BEFORE THE BOARD OF PATENT APPEALS
AND INTERFERENCES

_____

*Ex parte* KEVIN P. EATON

_____

Appeal 2011-013161
Application 11/145,716
Technology Center 1600

_____

Before DEMETRA J. MILLS, LORA M. GREEN, and
STEPHEN WALSH, *Administrative Patent Judges*.

WALSH, *Administrative Patent Judge*.


DECISION ON APPEAL

This is an appeal under 35 U.S.C. § 134(a) from the rejection of

claims directed to a method of treating psoriasis, which the Patent Examiner

rejected the claims for anticipation and obviousness. We have jurisdiction

under 35 U.S.C. § 6(b). We affirm.

## STATEMENT OF THE CASE

Claims 1, 8-11, and 14 are on appeal. Claim 1 is representative and reads:

1.      A method of treating psoriasis by administering to a person a vitamin supplement composition comprising at least about 25 micrograms to about 2,200 micrograms of folic acid, at least about 25 micrograms to about 2,500 micrograms of vitamin $B_{12}$, and at least about 0.5 milligrams to about 20 milligrams of vitamin $B_6$, wherein said composition is essentially free of anti-oxidants.

The Examiner rejected the claims as follows:

- claim 1 under 35 U.S.C. § 102(b) as anticipated by Jungkeit;[1]

- claim 11 under 35 U.S.C. § 102(e) as anticipated by Meredith;[2]

- claims 1 and 8-10 under 35 U.S.C. § 103(a) as obvious over Jungkeit and Mantynen;[3] and

- claims 11 and 14 under 35 U.S.C. § 103(a) as obvious over Bereston, Plewig,[4] and Mantynen.

## DISCUSSION

*Findings of Fact*

1.      We adopt the Examiner's findings concerning the scope and content of the prior art. (Ans. 5-12.)

---

[1] Erika Jungkeit, DE 10053155 A1, May 8, 2002.
[2] Sarah Meredith, US 7,115,286 B2, effective date July 8, 2003.
[3] Philip R. Mantynen, US 6,107,349, August 22, 2000.
[4] Gerd Plewig et al., Seborrheic Dermatitis 1-17, ch. 126, DERMATOLOGY IN GENERAL MEDICINE, 5th ed. (The McGraw-Hill Companies 1999).

*Appellant's Arguments*

Appellant contends that the claims are neither anticipated nor obvious because the prior art described compositions that included the antioxidant vitamin C. (App. Br. 9-10.) However, the Examiner correctly interpreted the claim terminology "essentially free of anti-oxidants" according to the Specification's definition (Ans. 5 and 10-12), and we adopt the Examiner's reasoning.

The Examiner found that Jungkeit evidenced that the B vitamins would effectively treat psoriasis even with vitamin C in the composition (Ans. 5), and Appellant criticizes that finding as speculation (App. Br. 10). We conclude the Examiner's reasoning is sound, and find that the Examiner's evidence shifted the burden to Appellant to prove that the Jungkeit or Meredith composition did not work.

> In patent prosecution the examiner is entitled to reject application claims as anticipated by a prior art patent without conducting an inquiry into whether or not that patent is enabled or whether or not it is the claimed material (as opposed to the unclaimed disclosures) in that patent that are at issue. *In re Sasse*, 629 F.2d 675, 681, 207 USPQ 107, 111 (C.C.P.A.1980) ("[W]hen the PTO cited a disclosure which expressly anticipated the present invention ... the burden was shifted to the applicant. He had to rebut the presumption of the operability of [the prior art patent] by a preponderance of the evidence." (citation omitted)). The applicant, however, can then overcome that rejection by proving that the relevant disclosures of the prior art patent are not enabled. *Id.*

*Amgen Inc. v. Hoechst Marion Roussel, Inc.,* 314 F.3d 1313, 1355 (Fed. Cir. 2003). As Appellant's arguments concerning the obviousness rejections rely on the same argument about "essentially free of anti-oxidants," they are unpersuasive for the same reasons.

3

## SUMMARY

We affirm the rejection of claim 1 under 35 U.S.C. § 102(b) as anticipated by Jungkeit.

We affirm the rejection of claim 11 under 35 U.S.C. § 102(e) as anticipated by Meredith.

We affirm the rejection of claims 1 and 8-10 under 35 U.S.C. § 103(a) as obvious over Jungkeit and Mantynen.

We affirm the rejection of claims 11 and 14 under 35 U.S.C. § 103(a) as obvious over Bereston, Plewig, and Mantynen.

No time period for taking any subsequent action in connection with this appeal may be extended under 37 C.F.R. § 1.136(a).

## AFFIRMED

lp

4

# CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 19th day of February, 2013, I caused this Brief of Appellant to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

> Raymond T. Chen
> Mary L. Kelly
> U.S. PATENT AND TRADEMARK OFFICE
> Post Office Box 1450
> Alexandria, Virginia 22213
> (571) 272-9035
>
> *Counsel for Appellee*

Upon acceptance by the Clerk of the Court of the electronically filed document, the required number of copies of the Brief of Appellant will be hand filed at the Office of the Clerk, United States Court of Appeals for the Federal Circuit in accordance with the Federal Circuit Rules.

/s/ Casey L. Griffith
*Counsel for Appellant*

# CERTIFICATE OF COMPLIANCE

1.  This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

    [ X ] this brief contains [*2,121*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

    [     ] this brief uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.  This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    [ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 2007*] in [*14pt Times New Roman*]; *or*

    [     ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].


Dated: <u>February 19, 2013</u>          <u>/s/ Casey L. Griffith</u>
                                          *Counsel for Appellant*