**2013-1104**
(Serial No. 11/145,716)

In The
# United States Court of Appeals
### For The Federal Circuit

# IN RE KEVIN P. EATON

**APPEAL FROM THE UNITED STATES PATENT AND TRADEMARK OFFICE, PATENT TRIAL AND APPEAL BOARD.**

---

### REPLY BRIEF OF APPELLANT

---

Casey L. Griffith
KLEMCHUK KUBASTA LLP
Campbell Centre II
8150 North Central Expressway, 10th Floor
Dallas, Texas  75206
(214) 367-6000

*Counsel for Appellant*                     *Dated:  June 28, 2013*

---

**THE LEX GROUP**[DC] ♦ 1825 K Street, N.W. ♦ Suite 103 ♦ Washington, D.C.  20006
(202) 955-0001 ♦ (800) 856-4419 ♦ Fax: (202) 955-0022 ♦ www.thelexgroup.com

# TABLE OF CONTENTS

                                                                                           **Page**

TABLE OF AUTHORITIES ........................................................................... ii

ARGUMENT ................................................................................................... 1

CONCLUSION ............................................................................................... 4

CERTIFICATE OF FILING AND SERVICE

CERTIFICATE OF COMPLAINCE

## TABLE OF AUTHORITIES

**Page(s)**

**CASE**

*Aventis Pharmaceuticals Inc. v. Amino Chemicals Ltd.*,
   715 F.3d 1363 (Fed. Cir. 2013) .......................................................................... 2

**STATUTES**

35 U.S.C. § 102 ........................................................................................................ 3

35 U.S.C. § 103 ........................................................................................................ 3

# ARGUMENT

Respectfully, the PTO has completely failed to address the dispositive issue noted by Applicant in his opening brief. A composition containing more antioxidants by mass than all other ingredients combined cannot be characterized as a composition that is free of added antioxidants.

There is no dispute that the specification determines the meaning of "essentially free of antioxidants" as that term is used in the claims. The specification states:

> In the case of a vitamin supplement compound that is essentially free of antioxidants, among the antioxidants especially to be avoided is added vitamin C, and no antioxidants of any kind should be added to any of the compounds disclosed herein . . .

(Br. at 5 (quoting Appendix 288, ll. 1-4)). In other words, the specification makes clear that for a composition to be essentially free of antioxidants, it must:

- especially avoid added vitamin C; and

- not have antioxidants of any kind added.

The fact that the specification also states that antioxidants may be present during preparation of the claimed vitamin composition "provided that they are removed afterward, either completely or at least to a level where they have virtually no effect on the vitamin components of the present invention"

1

(Appendix 288, ll. 1-4) and by "'essentially free' it is meant that the vitamin composition should not contain an amount of antioxidants which would tend to damage and inactivate some of the vitamin $B_{12}$ and/or folic acid of the vitamin supplement" (Appendix 286, ll. 6-8) does not permit the specification's other limitations on essentially free of antioxidants to be disregarded. Thus, a prior art reference that discloses a composition with added vitamin C does not anticipate Applicant's invention.

The Patent and Trademark Office ("PTO") does not even dispute that Jungkeit only discloses compositions containing added vitamin C in a specified amount. Instead, it argues that Jungkeit nevertheless discloses a composition that is essentially free of antioxidants because it provides working examples showing effective treatment of psoriasis in patients treated with a multivitamin containing, among other things, 200 mg of vitamin C. Such disclosures are actually not relevant because Applicant, acting as his own lexicographer (*see Aventis Pharmaceuticals Inc. v. Amino Chemicals Ltd.*, 715 F.3d 1363 (Fed. Cir. 2013)), defined a composition being essentially free of antioxidants as one that does not have any added vitamin C. The bottom line is that it defies all logic to argue that a composition containing a specified amount of vitamin C (200 mg), in an

2

amount greater than all other ingredients combined, is free of added vitamin C. Jungkeit simply does not anticipate claim 1.

The only other challenge that the PTO makes to Applicant's showing that Jungkeit does not anticipate claim 1 is to argue that Applicant somehow waived his right to note the fact that the Examiner and Board erroneously represented that Jungkeit disclosed compositions containing 200 µg of vitamin C rather than 200 mg of vitamin C (200 mg is 1,000 greater than 200 µg). The fact is that Applicant has always contended that Jungkeit does not anticipate claim 1 because it discloses a composition containing added vitamin C in a specified amount (Appendix 53, 83, 123). Thus, Applicant did raise the issue below.[1]

---

[1] The PTO's waiver argument is particularly bothersome in view of the Examiner's own "moving target" examination below. In his first office action, the Examiner did not even reject any of the Applicants' claims on grounds that they were anticipated by, or obvious in view of, the prior art; instead, the Examiner took the position that Applicant's claims describe an invention that does not work for its stated purpose, i.e., treatment of psoriasis and dandruff (Appendix 260-261). In the second office action, the Examiner withdrew his lack of enablement rejection to the extent the Applicant's claims were directed to a method of treating psoriasis or dandruff, but cited prior art as alleged support for anticipation rejections under 35 U.S.C. § 102 of only *some* of the then pending claims (Appendix 227-244). In response, Applicant amended the claims so that they were limited in scope to treatment of psoriasis and dandruff using the methods that the Examiner did not reject based on prior art. In his third office action, the Examiner for the first time rejected each of the Applicant's pending claims under Sections 102 and 103 (Appendix 180-216), but one of the "prior art" references cited by the Examiner was not even prior art, the word

Finally, in view of the foregoing, Applicant stands on the argument regarding obviousness that is contained in his opening brief (pp. 8-9).

## CONCLUSION

The Board's order affirming the rejection of Applicant's claims 1 and 8-10 should be overruled, and the PTO should be ordered to allow those claims forthwith.

Dated: June 28, 2013          Respectfully submitted,

/s/ Casey L. Griffith
Casey L. Griffith
Klemchuk Kubasta LLP
8150 North Central Expressway, 10th Floor
Dallas, Texas 75206
(214) 367-6000 (Telephone)
(214) 367-6001 (Facsimile)
casey.griffith@kk-llp.com

*Attorney for Appellant*
Kevin P. Eaton

---

"psoriasis" was not found in the English-language translation of another prior art reference cited by the Examiner, and the cited portions of the other reference cited by the Examiner merely disclosed the recommended daily allowances for certain vitamins. In the fourth office action, the Examiner finally made the prior art rejections from which this appeal is taken (Appendix pp. 133-163). Applicant incorrectly assumed that the Examiner's representation of Jungkeit in that office action was accurate.

# CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 28th day of June, 2013, I caused this Reply Brief of Appellant to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

Raymond T. Chen
Mary L. Kelly
U.S. PATENT AND TRADEMARK OFFICE
Post Office Box 1450
Alexandria, Virginia 22213
(571) 272-9035

*Counsel for Appellee*

Upon acceptance by the Clerk of the Court of the electronically filed document, the required number of copies of the Reply Brief of Appellant will be hand filed at the Office of the Clerk, United States Court of Appeals for the Federal Circuit in accordance with the Federal Circuit Rules.

/s/ Casey L. Griffith
*Counsel for Appellant*

# CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

   [ X ] this brief contains [*864*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

   [   ] this brief uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   [ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 2007*] in [*14pt Times New Roman*]; *or*

   [   ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].

Dated: June 28, 2013                          /s/ Casey L. Griffith
                                              *Counsel for Appellant*